# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OKLAHOMA

Betty Raleigh
          Plaintiff(s)

vs.
                                            Case Number:   12-CV-23-CVE-FHM

CMFG Life Insurance Company, previously
named as CUNA Mutual Insurance Society

          Defendant(s)

## JOINT STATUS REPORT

Jury Demanded:               X Yes         No

I.     Summary of Claims:

Insured Donald Raleigh contracted with Defendant CUNA Mutual for Accidental death and dismemberment insurance coverage. The applicable certificate of insurance only provides for cancellation by a written statement from the owner/insured.  CUNA Mutual cancelled the policy against the terms of its certificate in July 2009 based on what they assert to be a telephone call from the Insured, which Plaintiff disputes. The Defendant breached the insurance contract by cancelling the insurance certificate.  The Defendant further breached the contract of insurance by arbitrarily ceasing to draft the premium from the insured's bank account, while the insured took no action to cease or stop the insurance premium draft from his own bank account. Raleigh died on June 24, 2011.  The Defendant has denied to ay the claim on the certificate of insurance in bad faith.  Furthermore, the Defendant's continued denial of the certificate of insurance is evidence of ongoing bad faith.  Plaintiff seeks exemplary and or punitive damages and attorney fees and costs of the action for breach of contract.

     A.     Claims to be Dismissed: None

II.    Summary of Defenses:

CUNA Mutual acted reasonably and in good faith, and in accordance with all applicable law and internal procedures, in investigating and ultimately denying Plaintiff's claim for benefits under the insurance policy at issue. Specifically, CUNA Mutual denied Plaintiff's claim because: (1) on or about July 16, 2009, the insured-decedent canceled his policy; and (2) no premiums were paid toward the policy from July 16, 2009, through the date of the claim filing. CUNA Mutual incorporates by reference the affirmative defenses set forth in its Answer, and reserves the right to add or modify its affirmative defenses as the facts warrant.

     A.     Defenses to be Abandoned: None

III.   Motions Pending (Include Docket Number, Description and Date at Issue):

     None

IV.   Stipulations:

A.  Jurisdiction Admitted:            x  Yes          No (If no, explain.)

B.  Venue Appropriate:                x  Yes          No (If no, explain.)

C.  Facts:

D.  Law:

V.      Proposed Deadlines:

      A.      Parties to be added by:        May 18, 2012

      B.      Proposed discovery cutoff date (4 months of discovery unless extended by the court for good cause):
         _____ August 26, 2012

      C.      Fact witness lists to be exchanged by:        June 10, 2012

      D.      Proposed Date for Expert Reports by Plaintiff and Defendant:        June 26, 2012 (Plaintiff); July 26, 2012 (Defendant)

VI.     Fed. R. Civ. P. 26(f) Discovery Plan

      A.      Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?            Yes     X No

         If yes, please explain:

      B.      When were or will initial disclosures under Rule 26(a)(1) be made?        April 26, 2012

         Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply  with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution.  Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including  prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

      C.      Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?            Yes     X No

         D.      Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?            Yes     X No

         If yes, please explain:

E.      Proposed Number of fact and expert depositions:

      1.      To be allowed for Plaintiff?      10

      2.      To be allowed for Defendant?      10

F.      Is there a need for any other special discovery management orders by the Court?

                        Yes      X No

If yes, please explain:

      G.      The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advise on the production of electronic information.

VII.    Are Dispositive Motions Anticipated?   X      Yes                    No          If yes, describe them.
Defendant anticipates filing a motion for summary judgment.

VIII.   Do All Parties Consent to Trial before the Assigned Magistrate Judge?      Yes      X No

If yes, please email a proposed Trial Consent to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the Magistrate Judge is Requested. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX.     Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?      Yes      X No

If yes, please email a completed, proposed Partial Consent form to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X.      Settlement Plan      (Check one)

    X Settlement Conference Requested after:      August 26, 2012

    Describe settlement judge expertise required, if any:

    Private Mediation Scheduled in (date):

    Other ADR
    (Explain)

    ADR is not appropriate in this case
    (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required?

      Plaintiffs:      X Yes      No

      Defendants:      X Yes      No

XII.    Does this case warrant special case management?      Yes      X No

If yes, explain why.

XIII.   Do the parties request that the Court hold a scheduling conference?      Yes      X No

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIV.   Estimated trial time: _____2-3 days_____

Read and Approved by: (Add additional lines or pages as needed)

Attorneys for Plaintiff:

Brenda E. Carpenter
OBA # 18520
11063-D S. Memorial
Drive #429
Tulsa, OK 74133
(918) 252-4772 Phone
(918) 513-3111 Fax

John V. Hall
OBA #17045
Hall & Hall, PC
406 S. Boulder, Suite 400
P.O. Box 2519
Tulsa, OK 74101
(918) 342-8120 Phone
(918) 288-7836 Fax

Attorneys for Defendant:

John H. Tucker
OBA #9110
Randall E. Long
OBA #22216
Rhodes, Hieronymus, Jones,
Tucker & Gable
P. O. Box 21100
Tulsa, OK 74121
(918) 582-1173 Phone
(918) 592-3390 Fax